IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

BRANHAVEN, LLC,

            Plaintiff,

v.

NEOGEN CORPORATION,

            Defendant.

Civil Action No.

## COMPLAINT

Plaintiff Branhaven LLC ("Branhaven" or "Plaintiff"), by and through its undersigned counsel, for its Complaint, states as follows:

### PARTIES, JURISDITION AND VENUE

1. Branhaven is a Maryland limited liability company, having a principal place of business in Arkon, Ohio. No member of Branhaven is a Michigan resident.

2. Defendant Neogen Corporation ("Neogen" or "Defendant") is a Michigan corporation with a principal place of business at 620 Lesher Place, Lansing, Michigan 48912.

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different States.

4. As set forth in more detail below, venue in this Court is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to the claims set forth herein took place in this judicial district.

**GENERAL ALLEGATIONS**

5. Branhaven, together with Cargill, Incorporated ("Cargill"), either collectively or individually, own or have the right to use and sublicense certain proprietary information, technology, and intellectual property related to bovine genetics, including animal tracking technology and animal management system technology associated with such bovine genetics.

6. On or about January 10, 2014, Branhaven and Cargill entered into a Patent and Technology License Agreement with Neogen (the "Agreement") whereby Branhaven and Cargill granted Neogen a license to use certain proprietary information, technology, and intellectual property.

7. Article 4 of the Agreement requires that, in exchange for the license granted to Neogen, Neogen must make certain payments to Branhaven and Cargill, including milestone payments and royalty payments.

8. Article 4 of the Agreement further provides that Neogen must pay Branhaven and Cargill interest upon any payments that are not timely made by Neogen.

9. By letter dated April 1, 2015, Neogen advised Cargill that Neogen had "elected to cease paying royalties related to our January 10, 2004 License Agreement." The April 1 letter does not specifically mention the reason for Neogen's unilateral decision to stop paying royalties. Instead, Neogen lists nine third parties whom Neogen asserts to "have an obligation of $1,000,000.00 or greater if licensed even at the terms of Neogen's License Agreement."

10. Since the delivery of its April 1, 2015 letter, Neogen has failed to make any milestone or royalty payments due and payable under the Agreement totaling at least $1,250,980. These include, without limitation, the following payments:

  a. Milestone payment for 18 months in the amount of $200,000 per section 4.2.2.1 of the Agreement;

  b. Milestone payment for 40 months in the amount of $200,000 per section 4.2.2.2 of the Agreement;

  c. Fee for license granted to Livestock Improvement Corporation Limited in the amount of $50,000 per section 4.2.3 of the Agreement;

  d. Fee for selling Licensed Product, having at least 15% of the total SNPs in the Licensed Product, in the amount of $200,000 per section 4.2.4 of the Agreement;

  e. Quarterly royalty payments in the amount of at least $504,192 per section 4.3.1 of the Agreement; and

  f. Interest in the amount of at least $96,788 per sections 4.2.5.4 and/or 4.3.2.4 of the Agreement.

11. The Agreement does not obligate Cargill or Branhaven to actively license to third parties the proprietary information, technology, and intellectual property that is the subject of the Agreement. Section 6.1 of the Agreement sets forth certain provisions concerning party obligations to provide notification of any known third party infringers of the "License to Patents or License Technology." However, with respect to enforcement, the Agreement provides that "[t]he initiation of any action against any Third Party infringing or potentially infringing the Licensed Patents or Licensed Technology shall be within the sole discretion of [Branhaven and Cargill]." This discretionary standard is reinforced by another sentence in Section 6.1 of the Agreement that states "[Neogen] shall supply such assistance and information as [Branhaven and Cargill] may reasonably require in support of such action as [Branhaven and Cargill] elects to take."

12. Section 6.1 of the Agreement further provides the only exception under which Neogen may withhold payments due to Branhaven and Cargill without breaching the Agreement:

> In the event [Neogen] notifies [Branhaven and Cargill] of a suspected infringement where such suspected infringement is reasonably believed to involve the genotyping of more than 5,000 samples annually and if [Branhaven and Cargill], in its sole discretion does not believe that there is an infringement(s) or misappropriation of the Licensed Patents or Licensed Technology and, as a result, [Branhaven and Cargill] does not institute suit for such infringement(s) or misappropriation or is not actively working to resolve such potential infringement(s) or misappropriation through licensing, then [Neogen] may thereafter stop paying royalties on sales of Licensed Products within the country of the potentially unlawful use of the Licensed Patents or Licensed Technology until such time as the matter is resolved.

13. The conditions precedent to withholding payments under the Agreement set forth in Section 6.1 have not been satisfied and, therefore, Neogen has no right to withhold any payments due and payable under the Agreement.

14. Upon information and belief, Neogen has provided genetic testing services in Ohio and elsewhere utilizing the proprietary information, technology, and intellectual property licensed under the Agreement, and has continued to provide licensed genetic testing services in Ohio after wrongfully withholding payments due under the Agreement.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

15. Branhaven incorporates the allegations of paragraphs 1 through 14 as if fully set forth herein.

16. Branhaven, Cargill, and Neogen are parties to the Agreement.

17. Branhaven has fully performed its obligations under the Agreement and, upon information and belief, Cargill has fully performed its obligations under the Agreement.

18. Neogen is in breach of the Agreement for failure to make payments due thereunder, including numerous milestone and royalty payments.

4

19. As a direct and proximate result of Neogen's breach of the Agreement, Branhaven has sustained damages in amounts to be determined at trial, but, upon information and belief, at least $1,250,980.

## SECOND CLAIM FOR RELIEF
### (Unjust Enrichment)

20. Branhaven incorporates the allegations of paragraphs 1 through 19 as if fully set forth herein.

21. Branhaven has conferred a benefit upon Neogen by providing it with a license to certain proprietary information, technology, and intellectual property, and Neogen is aware that this benefit was conferred to it.

22. Without justification, Neogen has refused to make agreed payments for that license.

23. Under the circumstances, it would be inequitable for Neogen to retain the benefit of the license provided to it by Branhaven without payment from Neogen for that license.

24. As a result of Neogen's unlawful actions, Branhaven has been harmed, and has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
### (Promissory Estoppel)

25. Branhaven incorporates the allegations of paragraphs 1 through 24 as if fully set forth herein.

26. Neogen promised to pay Branhaven certain payments for a license to certain proprietary information, technology, and intellectual property, with the reasonable expectation that that promise would induce Branhaven to grant Neogen the license.

27. Branhaven reasonably relied upon Neogen's promise in granting Neogen a license to certain proprietary information, technology, and intellectual property.

28. Injustice to Branhaven can be avoided only by enforcement of the foregoing promises by Neogen, including by requiring Neogen to make the certain payments to Branhaven.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Branhaven, LLC prays for a judgment against Neogen as follows:

1. For damages, in an amount to be determined at trial, but at least $1,250,980;

2. For equitable relief as requested herein;

3. For pre-judgment and post-judgment interest as provided by the Agreement and applicable law;

4. For attorney's fees as provided by the Agreement and applicable law;

5. For costs, including but not limited to, expert witness fees, deposition costs, and all other costs incurred in this action; and

6. For such other and further relief as this Court deems equitable, just, and proper.

Respectfully submitted,

Dated: March 23, 2018

s/ David S. McDaniel
David S. McDaniel (P56994)
JAFFE, RAITT, HEUER & WEISS, P.C.
535 W. William Street, Ste. 400S
Ann Arbor, MI 48103
Phone: (734) 222-4776
dmcdaniel@jaffelaw.com

*OF COUNSEL*

Benjamin B. Lieb*
ben@taluslaw.com
TALUS LAW GROUP LLC
2816 South Adams Street
Denver, CO 80210
Phone: (303) 246-4767

*moving for admission

*Attorneys for Plaintiff Branhaven, LLC*